In the matter of the judicial settlement of the account of Herman Baruth and Isaac Lublin, executors of Theresa Ketcham. Objections overruled.

Hirsh & Rasquin (Hugo Hirsh, of counsel), for executors.
Hugo Wintner, for contestant, Philip Ketcham.
Ralph K. Jacobs, for Annie Jacobs.

KETCHAM, S. Objection is made that the executors' account should not be credited with the sum paid in compromise of an action against them on a claim said to have accrued against their decedent.

A determination that the executors were not liable in that action would not sustain the objection. Even if the cause of action which the executors have settled were now shown to have had no foundation, they should be allowed credit for the payment, if it was made in good faith and from a reasonable fear that the litigation might go against them, or that their success therein might prove more costly than a partial surrender.

Without an attempt to answer the close questions which surround this claim, it should be held that the executors did wisely and faithfully in purchasing peace for the estate. True, the alleged creditor, as a part of the compromise, gave to the executors his bond to indemnify them against liability if any should occur by reason of objections such as are now filed; but the quality of the objection remains the same as if no bond had been given. It still presents only the question whether the claim was fraudulently or negligently compounded.

The objection is overruled.

Objection overruled.

---

(62 Misc. Rep. 593.)

## In re STANLEY.

(Surrogate's Court, Kings County. March, 1909.)

EXECUTORS AND ADMINISTRATORS (§ 87*)—ACTIONS—COMPROMISE.

> Where an administratrix brought an action against a corporation for causing her decedent's death, and a compromise has been arranged, the attorney for the defendant may represent her in an application for an approval of the compromise by the court; but there should be presented to the court something beside the views of the attorney as to the expediency of the settlement.

> [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 387; Dec. Dig. § 87.*]

In the matter of the administration of the estate of John Stanley, deceased. Application by administratrix for leave to compromise right of action for damages causing decedent's wrongful death. Continued for further evidence.

Percy J. King, for petitioner.

KETCHAM, S. The administratrix asks leave to compromise the right of action for damages against a company, in whose employ the

decedent was, for the "wrongful act," neglect, or "default" by which the decedent's death was caused. Having first arranged with her for the proposed compromise, the company has provided the petitioner with the attorney representing her in this proceeding. The expense for his services will be borne by the said company. The attorney makes affidavit that the amount of the settlement had been agreed upon before he was called in to perfect the legal details requisite to making the payment, and that he is of the opinion that it is to the interest of the estate and of the petitioner that she should be permitted to accept the compromise.

This attorney is only the agent of those who retain him and will pay him. He has assumed no duty toward his nominal client as to the terms of the compromise, and would be superhuman if he could sincerely serve her in that respect. There is no legal reason why he may not represent her in this application, though he has no interest in her welfare; but his views as to the expediency of the proposed arrangement are as worthless to the court as they are to her. There should be submitted the affidavit of the person or persons who have made the investigation upon which the applicant obviously depends in her submission of the facts. There is no reason to doubt the fairness of the compromise. Indeed, upon the statement of the petitioner, it is generous to her; but the court must take care of this widow, who has nobody to care for her, and the statement must be confirmed.

Decreed accordingly.

---

(62 Misc. Rep. 595.)

### In re DENYSE et al.

(Surrogate's Court, Kings County. March, 1909.)

EXECUTORS AND ADMINISTRATORS (§ 32*)—REVOCATION OF LETTERS—PETITION BY INFANT.

> In proceedings to revoke letters testamentary on the joint petition of an infant legatee and her father, who is also a legatee for a nominal amount, the petition will not be dismissed because one petitioner by reason of infancy is incapable of maintaining the proceedings.
>
> [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 205; Dec. Dig. § 32.*]

In the matter of the application of George Denyse and Ella I. Denyse for revocation of letters testamentary granted to Mary Heist, executrix. Motion to dismiss petition denied.

Henry M. Dater, for petitioners.
David M. Neuberger, for executrix.
Edward J. Fanning, special guardian.

KETCHAM, S. Proceedings to revoke letters testamentary have been commenced by joint petition of an infant legatee and her father, who is also a legatee, but for a nominal amount. The infant has no guardian, general or special, and makes her petition in her own name and behalf.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·